**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2549-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARLTON T. JAMES,

    Defendant-Appellant.

_____

Submitted May 6, 2025 – Decided August 25, 2025

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-08-2362.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Carlton James of second-, third-, and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), (2), and (4); and second-degree weapons offenses, N.J.S.A. 2C:39-4(a), -5(b). In a subsequent trial, the jury convicted defendant of second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b). Defendant was sentenced as a persistent offender, under N.J.S.A. 2C:44-3(a), to an aggregate twenty-two-year prison term, which include a fifteen-year prison term on the second-degree aggravated assault conviction, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendants' convictions but remanded to correct the judgment of conviction to reflect the aggregate period of parole ineligibility of sixteen years and three months for the second-degree aggravated assault conviction. State v. James, No. A-3475-16 (App. Div. June 4, 2019) (slip op. at 20-21). Our Supreme Court denied certification. State v. James, 240 N.J. 195 (2019).

Defendant now appeals from the February 22, 2023 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After considering the record in light of the parties' arguments and the applicable law, we affirm the denial of defendant's PCR without a hearing substantially for the reasons expressed in the comprehensive oral opinion rendered by Judge Thomas T. Booth Jr..

2

I.

We incorporate the procedural and factual history from our opinion on defendant's direct appeal. James, slip op. at 2-4. We cite only the facts relevant to this appeal. Defendant's convictions stemmed from an incident that resulted in a shooting. In December 2012, Gregory Graham[1] received a call from his brother, Anthony, to pick him up in Camden. Anthony stated that he was struck in the head with a bottle by Devon Williams. Gregory drove from Philadelphia with another brother, Jermaine, and picked up Anthony. They went to a bar to look for Williams. When they found Williams at the bar, they asked if he would step outside to speak with them. Williams went outside, walked down the street, and encountered a group of people. Williams walked away from the group and over to the three brothers, followed by the group.

The atmosphere turned hostile, as the brothers attempted to speak to Williams. The group pulled Williams aside and told him not to listen to the brothers. At that point, Gregory's attention was drawn to "a short dude" with "dark skin" and "a long kind of beard," who kept walking behind one of Gregory's brothers with his hand in his waistband. Gregory heard Williams tell

_____

[1] Multiple parties share a common surname. For clarity, we refer to these parties by their first name. No disrespect is intended.

A-2549-23

the short dude, "Chill, Cool." The brothers decided to leave and walked toward Jermaine's car parked nearby. About five seconds later, gun shots were heard from behind them. Gregory sustained gunshot wounds to his thigh, knee, and arm, and was immediately transported to the hospital. Gregory was unable to identify the shooter when interviewed by police at the hospital.

When interviewed at the hospital, Jermaine told Camden police officers that he heard Williams refer to the individual talking to Gregory as "Cool" and "C." A few days later, Jermaine identified defendant from a photo array. At trial, Jermaine made an in-court identification that defendant spoke with Williams on the night of the shooting.

At trial, the key issue of the State's case was the identity of the shooter. The State's theory presented to the jury was that defendant was the shooter, and he was the individual identified as "Cool." During the prosecutor's opening statement at trial, she remarked that "you will hear from Devon who had the altercation with Anthony earlier that day and was present in front of the bar . . . that night." However, the State never called Williams to testify at trial.

The State listed Camden Police Detective Shawn Donlon on its witness list to testify regarding defendant's nickname. While in the midst of Donlon's testimony and outside of the jury's presence, the State revealed that Donlon

4

lacked personal knowledge that defendant's nickname was "Cool C." However, Donlon learned this information from Lieutenant William Frampton, who knew defendant by his nickname from a prior arrest. Accordingly, the trial court ruled Donlon's testimony regarding defendant's nickname was hearsay and, therefore, barred.

The State then proffered Frampton's testimony as a witness with direct knowledge, noting he had known defendant for at least eight years and had provided defendant's nickname to Donlon. However, Frampton had not been included in the State's witness list. The State consented to a mistrial in the event the court barred Frampton's testimony.

Defense counsel objected to Frampton's testimony and moved for a mistrial, arguing that permitting Frampton to testify would "completely undermine[] the defense in this case[.]" She further argued defendant would be deprived of a fair trial. Defense counsel then withdrew her request for a mistrial, and in the alternative, asked that the trial proceed without any reference to the photo array, which she argued would be less onerous than a mistrial. Counsel further argued that "[defendant] shouldn't have to suffer through another trial because of the State's mistake or error in preparation." In the event the trial

5

court did not preclude the photo array, defense counsel stated that the "only other solution [was] a mistrial."

After hearing the parties' arguments, the court denied defendant's request for a mistrial, finding the defense's theory of the case would not be undermined if the State proved defendant's nickname through Frampton. The trial court also afforded defendant the opportunity to interview Frampton regarding his proposed testimony. The court reiterated its ruling that Donlon was barred from testifying about defendant's nickname; however, the State was permitted to call Frampton to give limited, "simple and straightforward" testimony regarding defendant's nickname.

After the State rested its case, defendant sought a mistrial based on the alleged discovery violation and the testimony of Frampton. The trial court again denied defendant's motion. Defendant neither testified nor produced any witnesses at trial.

## II.

Defendant, represented by counsel, timely filed his PCR petition alleging ineffective assistance of counsel of both his trial and appellate counsel.[2] He

---

[2] We note defendant's merits brief fails to address the argument regarding ineffective assistance of appellate counsel; therefore, this argument is waived.

argued that his trial counsel was ineffective for two reasons. Defendant first argued that his trial counsel failed to request a mistrial because of the prosecutor's remark during opening statement concerning Williams's proposed testimony. He contended that the State did not call Williams to testify at trial, which prevented his trial counsel from cross-examining Williams and dispelling the suggestion to the jury that he provided information to the police that led to defendant's identification as a suspect.

The PCR court rejected defendant's argument and explained the only statement made by the State directly relating to Williams's testimony did not "constitute particularized or extensive detail as to the anticipated testimony, let alone testimony which allegedly implicated defendant." The court concluded defendant "failed to show that the statement made by the prosecutor during opening had any effect on the outcome of the trial."

Defendant next argued that his trial attorney failed to "protect [his] right to a fair trial" because she failed to object to Frampton's testimony, subsequently withdrew the request for a mistrial, and permitted the continuation of the trial. The PCR court explained that defendant's PCR theory failed, "as there was no

See Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 204 n.3 (App. Div. 2023) (noting an issue not briefed is deemed waived).

A-2549-23

materialization of the State's express condition"—the State's consent to a mistrial if Frampton's testimony was barred.  The court further explained that even if the State consented to a mistrial in the absence of a court ruling regarding Frampton's testimony, defendant's trial counsel foresaw a new trial with Frampton added as a witness to the State's list.  Lastly, the court rejected defendant's argument that a Strickland[3] violation occurs whenever a defendant's trial counsel fails to agree to the State's offer of a mistrial, reasoning that it "removes from a defendant's trial counsel the ability to use their professional judgment, which Strickland expressly sought to protect."

Citing the governing law, the PCR court determined defendant's trial counsel "forcefully advocated for her client and presented the [c]ourt with multiple options that were rejected by the trial court."  The court concluded trial counsel's "forceful advocacy [could] not be said to have so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."  The court further reasoned that his trial counsel's "consistent" reference to aspects of discovery in the transcripts demonstrated a familiarity with the evidence.  Nor did defendant establish prejudice because Jermaine's testimony linked defendant to the Cool C

---

[3]  Strickland v. Washington, 466 U.S. 668 (1984).

A-2549-23

nickname and multiple witnesses heard Williams state, "Chill, Cool." The court ultimately concluded defendant failed to satisfy the two-prong Strickland test and denied defendant's application.

III.

Defendant makes one argument on appeal:

> The trial court erred in denying defendant's petition for post-conviction relief – at least by denying the claims without holding an evidentiary hearing.

In advancing this argument, defendant renews the argument previously presented to the PCR court. Defendant reiterates that trial counsel failed to (1) protect his rights to a fair trial; (2) request a mistrial based on the prosecutor's remarks during opening statement; and (3) request a mistrial based on Frampton's testimony. He further contends the trial court erred in denying an evidentiary hearing because it would have clarified trial counsel's familiarity with the evidence and whether the prosecutor's statement concerning William's statement did not constitute particularized or extensive detail. We reject these arguments.

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024). A PCR court's decision to proceed without an evidentiary hearing is

reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

When petitioning for PCR, a defendant must establish he is entitled "to PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). To establish an ineffective assistance of counsel claim, defendant must satisfy the two-prong Strickland test: (1) that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-prong Strickland test in New Jersey).

Defendant may not rely on "bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, defendant is required to allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Therefore, a PCR court must reject a claim if it rests on allegations that "are too vague, conclusory, or speculative to warrant an evidentiary hearing." State v.

10

Porter, 216 N.J. 343, 355 (2013) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Applying these principles, we discern no error in the PCR court's determination that defendant failed to present a prima facie case for ineffective assistance of counsel. Defendant failed to rebut the "strong presumption that [trial] counsel's conduct [fell] within the wide range of reasonable professional assistance[,]" and that his counsel "exercise[d] reasonable professional judgment." Strickland, 466 U.S. at 689-90; Fritz, 105 N.J. at 52.

We note the prosecutor was "afforded reasonable leeway during opening statement" in making the single remark concerning Williams's proposed testimony that he had an altercation with Anthony and was present in front of the bar prior to the shooting. State v. Land, 435 N.J. Super. 249, 272 (App. Div. 2014) (quoting State v. Williams, 113 N.J. 393, 447 (1988)). Notwithstanding defendant's contrary argument, the prosecutor provided no other details as evidenced by the trial transcript. Therefore, a mistrial would not have been appropriate because Williams's testimony was "not touted to the jury as a crucial part of the prosecution's case." State v. Walden, 370 N.J. Super. 549, 559 (App. Div.), certif. denied, 182 N.J. 148 (2004) (internal quotation marks omitted).

11

As to Frampton's testimony, we agree with the PCR's court reasoning that trial counsel "foreshadowed" that in the event of a mistrial, the State would have added Frampton on the witness list for a subsequent trial. The State's omission of Frampton from its witness list did not automatically entitle defendant to a mistrial. State v. Smith, 224 N.J. 36, 47 (2016). Moreover, the trial counsel presented several options to the court so that defendant would not have to "suffer" through another trial. Regardless of the arguments presented, defendant failed to prove "[trial] counsel's representation fell below an objective standard of reasonableness . . . ." State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted).

For the sake of completeness, we note defendant failed to satisfy the second prong of Strickland. Defendant failed to demonstrate that the trial would have been different but for the errors he alleged. Prejudice cannot be presumed. For the reasons stated in Judge Booth's decision, we discern no abuse of discretion in his decision not to hold an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

12

A-2549-23